# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HONOR PLASTIC INDUSTRIAL CO. LTD., et. al., | ) | 1:06cv0707 AWI DLB |
| | ) | |
| | ) | ORDER GRANTING PLAINTIFFS' |
| Plaintiffs, | ) | MOTION TO COMPEL INITIAL |
| | ) | DISCLOSURES AND RESPONSES TO |
| v. | ) | DISCOVERY REQUESTS |
| | ) | |
| LOLLICUP USA, INC., et al., | ) | (Document 46) |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs Honor Plastic Industrial Co. Ltd. ("Honor"), and P&P International, Inc.(P&P) (collectively "Plaintiffs") filed the instant motion to compel initial disclosures and discovery requests on October 3, 2006. The motion was heard on October 27, 2006, before the Honorable Dennis L. Beck, United States Magistrate Judge. Wendell Harris appeared on behalf of Plaintiffs. Charles Farano appeared on behalf of Defendant Lollicup USA, Inc. ("Lollicup").

## **BACKGROUND**

This is a trademark case involving plaintiff Honor, a manufacturer of plastic cups and related items, its current distributor, P&P and its former distributor, defendant Lollicup. At one time Honor permitted Lollicup to sell cups manufactured by Honor that bore Honor's trademarks. Honor alleges this is no longer the case and Lollicup is no longer its distributor. Plaintiffs allege that after termination as Honor's distributor, Lollicup has continued to use Honor's trademarks

and falsely claim that it is Honor itself and that it owns Honor's trademarks.  Honor also claims that Lollicup has manufactured and sold cups and lids bearing Honor's trademarks.

This case is preceding on Plaintiffs' first amended complaint filed June 27, 2006 in which Plaintiffs allege trademark infringement under federal and California law and interference with contractual relationship under California law.  Plaintiffs seek monetary, declaratory and injunctive relief.

On August 18, 2006, the parties conducted their Rule 26(f) conference.  Thereafter on August 21, 2006, Plaintiffs served their first set of interrogatories and requests for production of documents to which responses were due September 25, 2006.  Plaintiffs provided their Rule 26 initial disclosures on September 1, 2006.

On October 12, 2006, the District Court granted Plaintiffs' motion for a temporary restraining order against Lollicup precluding Lollicup from using Honor's trademarks.

Plaintiffs contend that Lollicup has failed to provide initial disclosures pursuant to Federal Rule of Civil Procedure 26 and has also failed to respond to the discovery.  Plaintiffs filed the present motion on October 3, 2006.  On October 13, 2006, Lollicup filed the Declaration of Charles Farano in Response to Motion for Initial Disclosures and Responses to Discovery Requests.  Plaintiffs contend that Mr. Farano failed to return messages regarding the preparation of a joint statement as required by Local Rule 37-251and therefore on October 23, 2006, Plaintiffs submitted a statement without Lollicup's participation.

In his declaration, Mr. Farano admits that Lollicup's Rule 26 disclosures were due on September 1, 2006 and that the responses to discovery were due on August 21, 2006.  Mr. Farano states that Lollicup failed to timely respond because it was waiting for the Court's decision on its motion to dismiss for improper venue/change of venue.[1]  Mr. Farano also argues that Lollicup's failure to comply with discovery has not prejudiced Plaintiffs.

Plaintiffs disagree that the failure to provide disclosures and responses to discovery has not been prejudicial in that the parties have just completed briefing Plaintiffs' motion for

---

[1] The Court notes that this motion was denied by the Honorable District Court Judge Anthony Ishii on September 28, 2006.

2

preliminary injunction which Plaintiffs had to do without the responses to discovery and without Lollicup's position on key issues.  Plaintiffs also point out that Lollicup never sought an extension from counsel or the Court regarding the disclosures or the responses to discovery.  Additionally, Lollicup has recently filed a motion for preliminary inunction, further underscoring the need for Lollicup to provide prompt discovery on the issues.  Plaintiffs therefore seek an Order compelling Lollicup to:

1. Provide Rule 26 disclosures;
2. Fully respond, without objection to Plaintiffs' First Set of Interrogatories served on August 21, 2006;
3. Fully respond to Plaintiffs' First Set of Requests for Production of Documents and Things, served on August 21, 2006;
4. Provide a privileged document log of any withheld documents pursuant to Rule 26 (b)(5), if applicable; and
5. Reimburse Plaintiffs' reasonable attorneys' fees and expenses  in connection with this motion.

## DISCUSSION

Except as otherwise provided by stipulation or court order, each party must disclose to other parties certain information regarding witnesses, documents, damage computations and liability insurance without awaiting a discovery request.  Fed.R.Civ.P. 26(a)(1).  Unless an objection has been made or a different time is set by stipulation or court order, the initial disclosures are due within 14 days after the Rule 26(f) early conference.  Failure to respond to discovery in the time permitted waives all objections thereto.  *See* Fed.R.Civ.P. 33(b)(4), 34.  Federal Rule of Civil Procedure 37 provides for sanctions against a party who fails to provide discovery or disclosures.  A party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorneys fees, unless the losing party was substantially justified in making or opposing the motion.  Fed.R.Civ.P. 37(a)(4).  An award of expenses does not require a showing of wilfulness or improper intent; rather, the standard is whether there was substantial justification for the losing party's conduct.  *Id*.

Lollicup has, without substantial justification, failed to provide the disclosures required by Rule 26 and failed to respond to discovery within the time permitted.  Plaintiffs' motion is therefore GRANTED.  Lollicup is ordered to provide its initial disclosures in compliance with

1 Rule 26 within 10 days of this order.  Lollicup is also ordered to provide responses, without
2 objection, to Plaintiff's First Set of Interrogatories and First Set of Requests for Documents,
3 along with a privilege log,  within 10 days of this Order.  Pursuant to Rule 37(a)(4)(A),
4 Plaintiffs' motion for reasonable attorneys' fees and costs associated with this motion is
5 GRANTED.  Plaintiffs shall submit a declaration evidencing these attorneys' fees and costs
6 within 15 days of this Order.

   IT IS SO ORDERED.

   **Dated:**   **October 31, 2006**                    **/s/ Dennis L. Beck**
   3b142a                                              UNITED STATES MAGISTRATE JUDGE