UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HONOR PLASTIC INDUSTRIAL CO., et al., | ) | 1:06cv0707 AWI DLB |
| | ) | |
| | ) | ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND MOTION FOR SANCTIONS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | (Document 107) |
| LOLLICUP USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs Honor Plastic Industrial Co. Ltd. ("Honor") and P&P International (collectively "Plaintiffs") filed the instant discovery motion on December 7, 2006. The matter was heard on January 12, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. Wendell W. Harris appeared on behalf of Plaintiffs. Charles M. Farano appeared on behalf of Defendant Lollicup USA, Inc. ("Defendant").

**BACKGROUND**

Plaintiffs filed the instant trademark action against Defendant on June 6, 2006. Plaintiffs filed a first amended complaint on June 27, 2006.

On October 3, 2006, Plaintiffs filed their first discovery motion, moving to compel initial disclosures and discovery responses. On October 31, 2006, the Court granted Plaintiffs' motion based on Defendant's complete and unjustified failure to respond. The Court ordered Defendant to (1) provide its initial disclosures in compliance with Rule 26 within 10 days; (2) provide

1

responses, without objection, to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production of Documents, along with a privilege log, within 10 days; and (3) pay Plaintiffs' reasonable attorneys fees and costs associated with the motion ($2225.99).

On October 12, 2006, the Court granted Plaintiffs' motion for a temporary restraining order against Defendant, precluding Defendant from using Honor's trademarks.

On October 19, 2006, Defendant filed a cross-complaint and counter-complaint for declaratory relief, temporary restraining order, preliminary injunction and damages.

On November 3, 2006, the Court granted Plaintiffs' motion for a preliminary injunction. The injunction was modified on December 19, 2006. Defendant has since filed an interlocutory appeal.

On December 20, 2006, the Court found Defendant guilty of civil contempt for failing to comply with the temporary restraining order and the preliminary injunction.

Plaintiffs filed the instant motion on December 7, 2006. Plaintiffs seek to:

1. Compel discovery responses and a privilege log;

2. Strike Defendant's responses to Plaintiffs' Requests for Admissions; and

3. Require Defendant to pay Plaintiffs' attorneys fees and costs associated with this motion.

On December 27, 2006, Defendant filed an opposition to the motion.

Plaintiffs filed the joint statement pursuant to Local Rule 37-251 on January 8, 2007. According to Plaintiffs, Defendant failed to respond to Plaintiffs' requests for a conference to prepare the joint statement and the statement is therefore submitted without Defendant's input.[1]

---

[1] There was some dispute regarding the procedural aspect of this motion. In its opposition, Defendant incorrectly argued that Plaintiffs failed to file a 37-251 statement and therefore were not entitled to bring this motion. Of course, Defendant's improper opposition was filed *before* the joint statement was due. At the hearing, the Court explained to Defendant the purpose and requirements of Local Rule 37-251 and expects that Defendant will follow the proper procedure in the future.

The parties also disagree as to the meet and confer process. Again, Defendant argues that Plaintiffs failed to meet and confer, yet Defendant's opposition was filed prior to Plaintiff's meet and confer efforts began. Plaintiffs' counsel declares that the meet and confer process began on December 27, in response to Defendant's improper opposition, with an e-mail and fax correspondence. After not receiving a response, counsel sent another letter on January 4. Defendant did not respond. Declaration of Wendell W. Harris ("Harris Dec."), ¶¶ 3-6.

**DISCUSSION**

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

A.   Discovery at Issue and Privilege Log

At issue in the instant motion is discovery that was the subject of the Court's October 31, 2006, order: (1) Defendant's Responses to Plaintiffs' First Set of Requests for Production of Documents, Numbers 1-12; (2) Defendant's Responses to Plaintiffs' Interrogatories Numbers 1 and 2; and (3) production of a privilege log.[2]

1.   *Requests for Production of Documents, Numbers 1-12*

Plaintiffs' Requests for Production of Documents Numbers 1-12 are very broad requests that seek all documents relating to Defendant's use of the Honor Mark. As an example of the breadth of the requests, Number 1 requests "all documents and things that refer or relate to Lollicup's use of the Honor Marks." In response to this request, Number 2 and Number 12, Defendant produced two documents - a copy of a contract between Taijoint and Honor and a copy of an amended contract between Taijoint and Honor. In response to the remaining requests, Defendant either provided a response rather than proving documents (Number 3) or stated that it had no documents in response to the request (Numbers 4-11).

At the hearing, the Court inquired as to Defendant's understanding of Request Number 1. Defendant explained that it read the request to include only documents that specifically and literally referred to Defendant's use of the Honor Mark. Defendant therefore produced the only two documents that literally referred to Defendant's use of the Honor mark and stood firm on its response that there were no additional responsive documents.

---

[2] In their joint statement, Plaintiffs also seek to compel further responses to Plaintiffs' Second Set of Requests for Production of Documents, Numbers 13-24. However, this discovery was not included in either the Notice of Motion, filed December 7, 2006, or in Plaintiffs' two meet and confer letters. Accordingly, this discovery is not properly before the Court.

1    Defendant's interpretation is inconceivable. In any event, the language "refer or relate
2 to," used in all but one request, obviously covers a much larger group of documents. For
3 example, as to Number 1, responsive documents would include any documents in Defendant's
4 possession that in any way relates to Defendant's use of the Honor mark, whether directly or
5 indirectly. Such documents would include internal documents, invoices, advertisements,
6 marketing documents, and any other document relating to Honor products sold by Defendant
7 prior to its discontinuation of the use of the Honor mark.
8    With this understanding of the requests, Defendants are ORDERED to provide further
9 responses to Plaintiffs' Requests for Production of Documents, Numbers 1-12, within twenty
10 (20) days of the date of service of this order.
11    2.    *Interrogatories Numbers 1 and 2*
12    Interrogatory Number 1 states as follows:
13    Please state the date(s) that Lollicup first used each of the Honor Marks, describe in
      detail the circumstances surrounding such first use, and identify documents by production
14    number that correspond to each of Lollicup's first uses.
15    In response, Defendant provided its own definition of the "Honor mark," which
16 essentially limited the response based on Defendant's definition. Plaintiffs' definition, set forth
17 in their First Set of Requests for Production of Documents and incorporated by reference into
18 their First Set of Interrogatories, is a much broader definition. Defendant's response is therefore
19 insufficient. A further response, based on Plaintiffs' definition, is necessary.
20    As to Interrogatory Number 2, Plaintiffs request information related to Defendant's
21 relationship with Taijoint, both past and present. Defendant's response includes only the current
22 relationship and is therefore insufficient.
23    Accordingly, Defendant is ORDERED to provide a further response to Interrogatories
24 Numbers 1 and 2 within twenty (20) days of the date of service of this order.
25    3.    *Privilege Log*
26    At the hearing, Defendant maintained that it had not withheld any documents based on
27 privilege and stated that it understood the effect of such a declaration. As it is unlikely that there
28

are *no* documents that would be withheld under privilege, Defendant agreed to discuss the matter with its client.

If necessary, Defendant is therefore ORDERED to provide a privilege log within twenty (20) days of the date of service of this order.

B.  Striking Responses to Requests for Admissions

Pursuant to the terms of Federal Rule of Civil Procedure 36(a),

> The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Therefore, contrary to Defendant's assertion in its opposition, the failure to timely respond results in admission of the requests. Here, Plaintiff's First Set of Requests for Admissions was served on August 21, 2006, making responses due on September 25, 2006. Defendant provided responses on November 10, 2006. Defendant's response was untimely and the requests are deemed admitted pursuant to Rule 36(a). See F.T.C. v. Medicor LLC., 217 F.Supp.2d 1048, 1053 (C.D.Cal. 2002) (failure to timely respond to requests for admissions results in automatic admission of the matters requested; no motion to establish the admissions is necessary because Rule 36(a) is self executing).

Defendant's Responses to Plaintiff's First Set of Requests for Admissions is therefore STRICKEN and the requests therein are deemed admitted. The burden is on the non-responding party to seek relief from the untimely filing. Cook v. Allstate Ins. Co., 337 F.Supp.2d 1206, 1211 (C.D.Cal. 2004) (finding that there was no admissible evidence that established any reason for the failure to timely respond).

C.  Sanctions

As the record demonstrates, this is not Defendant's first discovery offense. Despite imposing sanctions in the October 31, 2006, order, Defendant has again failed to follow the discovery procedure. Specifically, Defendant failed to respond in any way to Plaintiffs' two meet and confer letters, sent December 27, 2006, and January 4, 2007. Harris Dec., ¶¶ 3-6. As a

result, the parties were unable to discuss the issues prior to the hearing and Plaintiffs were forced to bring this motion.

Pursuant to Federal Rules of Civil Procedure 37(a)(4)(A), Plaintiffs' request for reasonable attorneys' fees and costs associated with this motion is GRANTED.  Plaintiffs SHALL submit a declaration evidencing these attorneys' fees and costs within fifteen (15) days of the date of service of this order.

IT IS SO ORDERED.

**Dated:   January 19, 2007**                        **/s/ Dennis L. Beck**
3b142a                                             UNITED STATES MAGISTRATE JUDGE