1  MARK D. MILLER  116349
   KIMBLE, MacMICHAEL & UPTON
2  A Professional Corporation
   5260 North Palm, Suite 221
3  Post Office Box 9489
   Fresno, California  93792-9489
4  Telephone:  (559) 435-5500
   Facsimile:  (559) 435-1500
5
   J. PIETER VAN ES          (admitted *pro hac vice*)
6  WENDELL W. HARRIS      (admitted *pro hac vice*)
   MICHAEL L. KRASHIN       (admitted *pro hac vice*)
7  BANNER & WITCOFF, LTD.
   10 South Wacker Drive
8  Suite 3000
   Chicago, Illinois 60606
9  Phone: (312) 463-5000
   Fax: (312) 463-5001
10
   Attorneys for Plaintiffs
11 HONOR PLASTIC INDUSTRIAL CO.
   LTD., and P&P INTERNATIONAL, INC.
12
13              UNITED STATES DISTRICT COURT

14             EASTERN DISTRICT OF CALIFORNIA

15                        *  *  *

16
   HONOR PLASTIC INDUSTRIAL CO.        )   Case No. 1:06-cv-707
17 LTD., a Taiwanese company; and P&P   )
   INTERNATIONAL, INC., a California    )   Honorable Anthony W. Ishii
18 Corporation,                         )
                                        )   Magistrate Dennis L. Beck
19              Plaintiffs,             )
                                        )   **PROPOSED STIPULATED**
20        v.                            )   **PROTECTIVE ORDER AGAINST**
                                        )   **UNAUTHORIZED USE OR**
21 LOLLICUP USA, INC.,                  )   **DISCLOSURE OF CONFIDENTIAL**
   a California Corporation,            )   **INFORMATION**
22                                      )
              Defendant.               )
23 _____ )

24

25

26

27

28

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. BOX 9489
FRESNO, CA 93792-9489

1

PROPOSED STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF
CONFIDENTIAL INFORMATION

## PROPOSED STIPULATED PROTECTIVE ORDER AGAINST

## UNAUTHORIZED USE OR DISCLOSURE OF

## CONFIDENTIAL INFORMATION

Upon motion of Plaintiffs, Honor Plastic Industrial Co., Ltd. ("Honor") and P&P International, Inc. ("P&P") (collectively "Plaintiffs"), and Defendant, Lollicup USA, Inc. ("Lollicup"), for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED that:

1.      All "Confidential Information" (defined below) produced or exchanged by the parties or third parties in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2.      "Confidential Information," as used herein, means any information of any type, kind or character that is designated as "Confidential" or "Attorney's Eyes Only" (both defined below) by any designating party including third parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise.  In designating information as "Confidential" or "Attorney's Eyes Only," a party will make such designation only as to that information that it in good faith believes contains information meeting the respective definitions.

3.      "Confidential" information shall not be disclosed or made available to anyone other than the receiving party and "Qualified Persons."  Information designated as "Attorney's Eyes Only" may be disclosed only to those Qualified Persons described in Paragraphs 7(a), (b), (c), and (d) below.  "Attorney's Eyes Only" information shall not be disclosed or made available to the receiving party.

4.      Nothing shall be designated as "Confidential" information by a party except those materials believed in good faith to constitute, contain, embody, or reflect non-public, confidential, valuable information covered by a legitimate privacy right or interest.

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE  221
P. O. Box 9489
FRESNO, CA  93792-9489

2

PROPOSED STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF
CONFIDENTIAL INFORMATION

5.      Nothing shall be designated as "Attorney's Eyes Only" information except commercial and financial information of the designating party, *e.g.*, product sales, product volumes, pricing, revenues, profits, costs, margins, customer lists, and currently implemented or not yet implemented marketing plans and analyses; trade secrets; testing information (including testing of current commercial products); research and development information; and information of the most sensitive nature, which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the designating party.

6.      Nothing shall be regarded as "Confidential Information" if it is information that either:

(a)     is in the public domain at the time of disclosure, as evidenced by a written document;

(b)     becomes part of the public domain through no fault of the receiving party, as evidenced by a written document;

(c)     the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure;

(d)     the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party; or

(e)     the Court has determined that the designating party has waived its right to confidentiality of the information, regardless of any designation indicated on the information.

7.      "Qualified Persons," as used herein, is specifically limited to:

(a)     Attorneys for the parties, and the respective partners, of counsel, associates, employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation, including outside vendors who specialize in the business of photocopying or similar clerical functions;

(b)     The Court, any court personnel involved with the case, and court reporters;

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. BOX 9489
FRESNO, CA 93792-9489

3

PROPOSED STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF
CONFIDENTIAL INFORMATION

(c)    Actual or potential experts or consultants for a party who have been designated in writing by notice to all counsel at least seven (7) business days prior to any disclosure of "Confidential Information" to such person, by providing a signed document in the form of Exhibit "A" attached hereto.  During such seven (7) business day period, opposing party may object to disclosure of the "Confidential Information" to such person and such objection shall bar the disclosure of the designated material to that person until the parties agree otherwise or until the Court rules otherwise;

(d)    Any other person who has been designated as a Qualified Person by order of this Court, after written notice and hearing to all parties.

8.    Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Order and shall be responsible, upon breach of such duty, for the failure of any such person to observe the terms of this Order.

9.    Documents produced in this action may be designated by any party or third party as "Confidential" or "Attorney's Eyes Only" information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "Attorney's Eyes Only."  In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged.

10.    Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party or is confidential or trade secret information belonging to the third party) may be designated by any party or the third party temporarily as "Confidential" or "Attorney's Eyes Only" information by indicating on the record at the deposition that certain testimony is "Confidential" or "Attorney's Eyes Only" and is subject to the provisions of this Order.

Any party or third party may permanently designate information disclosed at such deposition as "Confidential" or "Attorney's Eyes Only" by notifying all of the parties in writing within seven (7) business days of receipt of the transcript, of the specific pages and lines of the

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA  93792-9489

4

PROPOSED STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF
CONFIDENTIAL INFORMATION

transcript which should be treated as "Confidential" or "Attorney's Eyes Only" thereafter.  Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.  All deposition transcripts shall be treated temporarily as "Attorney's Eyes Only" for a period of seven (7) business days after the receipt of the transcript.  If no permanent, written confidentiality designation is made as described above, the deposition transcript will not be subject to the terms of this Order.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Attorney's Eyes Only," with blank, consecutively numbered pages being provided in a non-designated main transcript.  The separate transcript containing "Confidential" and/or "Attorney's Eyes Only" information shall have page numbers that correspond to the blank pages in the main transcript.

11.    Documents to be inspected shall be treated as "Attorney's Eyes Only" during inspection.  At the time of copying for the receiving parties, such appropriate documents shall be stamped prominently "Confidential" or "Attorney's Eyes Only" by the producing party.  Nothing herein shall prevent disclosure beyond the terms of this Order if the party or third party designating the information as "Confidential Information" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures.  Nor shall anything herein prevent any counsel of a party from utilizing "Confidential Information" in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential Information" irrespective of which party or third party produced such information.

"Confidential Information" contained in responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers, may be designated as Confidential Information by prominently marking each page containing Confidential Information as "Confidential" or "Attorney's Eyes Only."

12.    A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Attorney's Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. BOX 9489
FRESNO, CA 93792-9489

PROPOSED STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF
CONFIDENTIAL INFORMATION

any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "Attorney's Eyes Only," the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies.  If the dispute cannot be resolved, the objecting party may move the Court for an order reclassifying the designated status of such information.  The designating party shall have the burden of establishing the propriety of the designation as "Confidential" or "Attorney's Eyes Only" for such information.

The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Order.

13.    In the event a party wishes to include any "Confidential Information" in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, the party shall comply with the procedures set forth in Local Rules 39-140 and 39-141.  Specifically, pursuant to Local Rule 39-140(d) a party seeking to submit an unredacted document containing protected information for review by the Court must file a motion pursuant to Local Rule 39-141 to file the document under seal.  If the motion is granted, the party shall submit the unredacted paper document to the Clerk's office for review by the Court.

The Clerk of the Court is directed to maintain under seal and *in camera* all Confidential Information, documents, objects and other materials filed with the Court that have been designated as "CONFIDENTIAL INFORMATION FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER."  To assist the Clerk, any document or object that a party wishes to have placed under seal pursuant to this Order shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the seal envelope or container, the words "CONFIDENTIAL INFORMATION FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" and a statement substantially in the following form:

> SUBJECT TO PROTECTIVE ORDER ENTERED IN ACTION NO. 06-CV-707, and related cross actions,  This envelope, containing documents that are filed in this case by [name of party], is not to be opened nor are the contents thereof to be displayed or revealed except by order or under the direction of the Court.

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE  221
P. O. Box 9489
FRESNO, CA  93792-9489

6

PROPOSED STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION

A second copy of any pleading or paper specifically intended for review by the Court may be delivered to the Court's chambers appropriately marked, to assure that the same is brought promptly to the Court's attention.  The party shall also serve on the opposing party an identical unredacted version of the document.

14.     Pursuant to Local Rule 39-141(c), any document that has been authorized to be filed under seal should not be filed electronically.  Instead, an electronically filed "Notice of Filing Sealed Document" shall be filed and designated as accompanying the motion, response or other related document.  Within 24 hours, counsel must manually file and, if required or appropriate, serve the sealed document in paper format, paper copies of the Notice of Filing of Document Under Seal, and a paper copy of the Notice of Electronic Filing, along with a traditional certificate of service.

15.     No such sealed envelope shall be opened by anyone other than a Qualified Person without an order from the Court identifying by name the person or persons who may have access to the sealed material, and specifically designating which portions of the sealed file may be revealed to them.

16.     The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing the counsel of record for all parties to whom the information was disclosed that the information is confidential. Such notification shall constitute a designation of the information as Confidential Information.

17.     In the event any request, subpoena, or other effort is made by a third party to obtain Confidential Information, other than those persons designated in paragraph 7 above, no such Confidential Information shall be provided absent an order of this Court and after due notice and an opportunity for all parties to be heard by the Court prior to release of any such Confidential Information.

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

7

PROPOSED STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF
CONFIDENTIAL INFORMATION

18.     Within one-hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document containing "Confidential Information" and all reproductions of such documents produced by a party, in the possession of any of the persons qualified under Paragraphs 7(a) through (d) shall either be returned to the producing party, or written confirmation of destruction shall be provided.

19.     Nothing in this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection or is entitled to a more limited form of protection than designated.

**GOOD CAUSE APPEARING**, and based upon the Stipulation of counsel **IT IS HEREBY ORDERED** that the Court approves the above Stipulation for Protective Order **subject to the following clarification, which supersedes any contradictory provision of the Stipulation.**

**IT IS FURTHER ORDERED** that a party intending to file confidential information under seal with this Court shall comply with Local Rule 39-141 as to each such filing.

In moving for leave to file documents under seal the filing party shall:

1)     Request sealing only as to those documents or portions of the documents which are claimed to be confidential and entitled to protection;

2)     Shall be required to show good cause exists for the sealing of the documents.  A designation of Confidential pursuant to this Protective Order is insufficient to demonstrate good cause to file under seal.

SIGNED and ENTERED this 22nd day of May, 2007.


_____/s/ *Dennis L. Beck*_____

Dennis L. Beck
United States Magistrate Judge

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. Box 9489
FRESNO, CA 93792-9489

PROPOSED STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF
CONFIDENTIAL INFORMATION

1  ///

2  ///

3  ///

4  ///

5  ///

6  ///

7  ///

8  AGREED TO:

9

10  By:_____    By:_____

11

12  Date:_____    Date:_____

13  Mark D. Miller                          Daniel J. Kessler
    KIMBLE, MacMICHAEL & UPTON             Michael Oberbeck

14  A Professional Corporation              BURKHALTER, MICHAELS, KESSLER &
                                            GEORGE LLP
15
    J. Pieter van Es

16  Wendell W. Harris                       Attorneys for Defendant
    Michael L. Krashin                      LOLLICUP USA, INC.

17  BANNER & WITCOFF, LTD.

18  Attorneys for Plaintiffs

19  HONOR PLASTIC INDUSTRIAL CO. LTD
    and P&P INTERNATIONAL, INC.

20

21

22

23

24

25

26

27

28

LAW OFFICES
Kimble, MacMichael
& Upton
A Professional Corporation
5260 North Palm Avenue
Suite 221
P. O. Box 9489
Fresno, CA 93792-9489

9

PROPOSED STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF
CONFIDENTIAL INFORMATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

\* \* \*

| | |
|---|---|
| HONOR PLASTIC INDUSTRIAL CO. LTD., a Taiwanese company; and P&P INTERNATIONAL, INC., a California Corporation, )))) | |
| Plaintiffs, )) | Case No. 1:06-cv-707 |
| v. )) | Honorable Anthony W. Ishii |
| LOLLICUP USA, INC., a California Corporation, ))) | Magistrate Dennis L. Beck |
| Defendant. )))) | |

## **UNDERTAKING**

I, _____, hereby acknowledge that I am about to receive Confidential Information designated as "Confidential" and/or "Attorney's Eyes Only" supplied in connection with the litigation entitled Honor Plastic Industrial Co. Ltd. and P&P International, Inc. v. Lollicup USA, Inc., Civil Action No. 06 CV 707, pending before the United States District Court for the Eastern District of California.  I have received and read a copy of the Stipulated Protective Order in this case dated _____, 2007, and I agree to be bound by the terms of that Order and to subject myself to the jurisdiction of this Court.


Dated: _____          _____

LAW OFFICES
Kimble, MacMichael
& Upton
A PROFESSIONAL CORPORATION
5260 NORTH PALM AVENUE
SUITE 221
P. O. BOX 9489
FRESNO, CA 93792-9489

**EXHIBIT A**

PROPOSED STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION